**Fernando Pelcastre VARGAS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72334.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 29, 2005.

Fernando Pelcastre Vargas, Carpinteria, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Fernando Pelcastre Vargas, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' summary affirmance of the denial of an application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(b), and we deny the petition.

The Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), effective April 1, 1997, "replaced suspension of deportation with a new form of relief, entitled 'cancellation of removal,'" which includes "stricter eligibility requirements ... than [were] required under the former suspension of deportation scheme." *Alcaraz v. I.N.S.*, 384 F.3d 1150, 1153 (9th Cir.2004). Proceedings were initiated against Vargas in 2002, requiring us to apply IRRIRA.

The BIA's denial of cancellation of removal for Vargas is not in dispute. Rather, Vargas asserts an equal protection claim, arising from IRRIRA's requirement that he qualify for cancellation of removal in order to obtain relief. We review Vargas's equal protection claim *de novo*. *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001).

We have held that because of Congress's particularly comprehensive power over immigration matters, *Fiallo v. Bell*, 430 U.S. 787, 792, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977), "[l]ine-drawing decisions made by Congress or the President in the context of immigration and naturalization must be upheld if they are rationally related to a legitimate government purpose." *Ram*, 243 F.3d at 517 (internal quotations omitted). Congress's ability to prospectively implement more stringent requirements upon illegal immigrants seeking relief is a fundamental component of its plenary power over immigration matters and does not contravene the Equal Protection Clause.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

